PEOPLE, PLAINTIFF AND APPELLEE, v. REYES, DEFENDANT AND
                            APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in
    a Prosecution for an Offense against Public Decency and
    Good Morals.

No. 1286.—Decided July 13, 1918.

HOUSE OF ILL FAME—PROSTITUTION—INFORMATION.—The appellant in this case
    having alleged that the information is ambiguous and uncertain in that it
    may include two offenses, namely, those defined in sections 287 and 288 of
    the Penal Code, and that she did not know with which of the two she was
    charged, it was held that the information clearly charges the defendant
    with keeping a house of ill fame which is resorted to for purposes of pros-
    titution; that this is the essence of the offense referred to in section 287
    of the Penal Code, and that the evidence examined at the trial tended to
    show the commission of the offense.

The facts are stated in the opinion.

*Mr. Celestino Iriarte, Jr.,* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

On April 29, 1918, Tomasa Reyes was sentenced by the
District Court of San Juan, Section 2, to one year's imprison-
ment in jail for an offense charged and committed as follows:

"That on February 10, 1918, at 8 p. m., and at No. 75 Allen Street
of the judicial district of San Juan, the said defendant wilfully and
maliciously and for lewd purposes kept a house of prostitution at
the said address, which is inhabited or frequented by prostitutes who
there commit acts of carnal intercourse."

In support of her appeal from the said judgment the ap-
pellant maintains that, as duly alleged in her demurrer to
the information, the same is ambiguous and uncertain, since
from its wording two crimes may be charged, namely, those
defined in sections 287 and 288 of the Penal Code, she being
ignorant as to which of the two crimes is charged.

The said sections read as follows:

"Sec. 287.—Every person who keeps a house of ill fame in Porto Rico, resorted to for the purpose of prostitution, or lewdness, or who wilfully resides in such house, is guilty of a misdemeanor.

"Sec. 288.—Every person who keeps any disorderly house, or any house for the purpose of assignation * * * is guilty of a misdemeanor."

If the said sections are considered in relation to the information, it requires no great mental effort to see that the latter fills the requirements of sections 71 and 72 of the Code of Criminal Procedure. It clearly charges the accused with keeping a house of ill fame, resorted to for purposes of prostitution, which is the essence of the offense to which section 287 refers. Defendant is not charged with keeping an assignation house, which is the element constituting the crime defined by section 288. The allegations that prostitutes live in or frequent the house and there commit acts of carnal intercourse show that the house is really used for purposes of prostitution and, instead of obscuring the fundamental idea of the first of said offenses, they corroborate it.

The appellant also contends that the evidence is not sufficient to support a judgment of conviction. This is not true. The evidence examined at the trial tends to show that the defendant was keeping a house resorted to by prostitutes called there by her to commit carnal acts with the men who went there, and that she was remunerated for this infamous and penal traffic.

The judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.